WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tami Gentry, | No. CV-13-02136-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Ashley Nichole Daugherity, et al., | |
| Defendants. | |

Pending before the Court are Defendants' Motion for Summary Judgment (Doc. 55) and Motion to Exclude Arthur H. Schurgin, D.O. (Doc. 58). Both motions are fully briefed. Oral argument has been requested. However, the Court deems oral argument unnecessary to a determination of the issues presented. The request for oral argument is denied. The matter was assigned to the undersigned on November 14, 2014. All parties have consented to a Magistrate Judge presiding over the case (Docs. 11, 12, and 14) pursuant to Rule 73, Fed. R. Civ. P. and 28 U.S.C. § 636(c). The Federal Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 1441(B).

**Facts**

This is a personal injury case arising from a motor vehicle accident which occurred on July 15, 2011 in Maricopa County, Arizona. While driving a F-150 truck owned by Defendant Sherwin-Williams, Defendant Reavis (formerly Daugherty) rear-ended Plaintiff Gentry's Ford Aspire. Plaintiff Gentry filed a Complaint (Doc. 1-1 at 4-6) which alleges personal injuries sustained as a result of the negligence of Defendant

Reavis and liability under *respondeat superior* as to Defendant Sherwin-Williams. Defendants have answered (Doc. 16, Doc. 17), and all issues are joined.

Defendants move for summary judgment on the issue of causation. Defendants assert that Plaintiff has no evidence which will establish to a reasonable degree of medical probability that Plaintiff's alleged injuries to her xiphoid process are causally related to the collision of July 15, 2011. Defendants assert that because Plaintiff has no expert who will so testify as to the issue of causation, Plaintiff's negligence claim should be dismissed with prejudice.

Defendants present testimony from their bio-mechanical engineer and accident reconstructionist, Russell L. Anderson. Mr. Anderson states to a reasonable degree of scientific certainty that the force of the collision on Plaintiff's body was similar to "that which has been measured in an amusement park bumper car collision." (Doc. 56-1 at 25). Mr. Anderson opines that Plaintiff's body motions as a result of the collision were "minor" and any abdominal and thoracic bruising due to shoulder belt forces would be "inconsistent with both the type and magnitude of the subject accident." (*Id*.). Plaintiff did not hit the steering wheel or dash. She presented with no bruising on her chest.

Defendants also present testimony from Plaintiff's treating physicians: Michael Smith, M.D., a thoracic surgeon, and Gary Frank, M.D., a pain management specialist. Defendants assert that neither physician relates the injury to Plaintiff's xiphoid process and pain associated with her xiphoid process to the accident. (Doc. 56-3 at 24, 27 and Doc. 56-4 at 8-9). Defendants' medical expert, Pierre Tibi, M.D., is a cardiothoracic surgeon. Defendants' expert will opine that the accident did not cause any injury to Plaintiff's xiphoid process or contribute to Plaintiff's need for a xiphoidectomy. (Doc. 56-5 at 12). Dr. Tibi will further state that Plaintiff's other symptoms, including diarrhea, tarry stools and nausea are not related to the xiphoid process or the accident. (Doc. 56-5 at 11-13).

Plaintiff asserts that material facts are omitted from Defendants' Motion, creating genuine issues of material fact which necessitate the denial of Defendants' Motion.

Plaintiff identifies the following injuries sustained as a result of the accident: acute cervical strain, acute lumbar strain, thoracic strain and contusion of the abdominal wall. (Doc. 63-1 at 1-4). Plaintiff's abdominal pain and mid-back pain worsened over time. She was eventually seen by Dr. Smith who performed a xiphoidectomy which successfully eliminated xiphoid pain. (*Id*.). She also saw Dr. Frank for pain. She continues to experience pain in her costochrondal region. (*Id*.). Dr. Arthur Schurgin is Plaintiff's current treating physician for that pain. Dr. Schurgin causally relates the "patient's constellation of symptoms" and treatment received to the car accident. (Doc. 63-1 at 44).

Plaintiff states that she was healthy and symptom free in her ribs and chest prior to the accident. (Doc. 63-1 at 2). Nor had Plaintiff ever been in an accident prior to July 15, 2011.

Plaintiff concedes that Drs. Frank and Smith declined to give an opinion as to whether the July 2011 accident resulted in Plaintiff's injuries. Both doctors were unable to opine either for or against causation. Plaintiff urges the Court to accept Plaintiff's testimony and the doctors' testimony together to establish causation despite a lack of explicit testimony from the medical experts relating Plaintiff's injuries to the accident to a reasonable degree of medical probability.

### Standard of Review

Summary judgment is appropriate if the evidence, when reviewed in a light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law determines which facts are material in a case and "only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson,* 477 U.S. at 248). Thus, the

1 non-moving party must show that the genuine factual issues "'can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250).

Because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, . . . [t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)); *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) ("Issues of credibility, including questions of intent, should be left to the jury.") (citations omitted).

When moving for summary judgment, the burden of proof initially rests with the moving party to present the basis for his motion and to identify those portions of the record and affidavits that he believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant fails to carry his initial burden of production, the non-movant need not produce anything further. The motion for summary judgment would then fail. However, if the movant meets his initial burden of production, then the burden shifts to the non-moving party to show that a genuine issue of material fact exists and that the movant is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 250 (1986); *Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The non-movant need not establish a material issue of fact conclusively in his favor. *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 288-89 (1968). However, he must "come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted) (emphasis in original); *see also* Fed. R. Civ. P. 56(c)(1).

Finally, conclusory allegations unsupported by factual material are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

1989); *see also Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment."). Nor can such allegations be the basis for a motion for summary judgment.

## Discussion

### Drs. Frank and Smith

Plaintiff argues that medical expert testimony establishing a possibility of causation combined with "other evidence" indicating a relationship between the accident and Plaintiff's injuries are sufficient to support a question of fact for a jury on the issue of whether Plaintiff's injuries were caused by the accident. Plaintiff cites the Court to several cases in support of her position: *Ideal Food Products Co. v. Rupe*, 261 P.2d 992, 994 (Ariz. 1958); *Coca Cola Bottling Co. v. Fitzgerald*, 413 P.2d 869, 872 (Ariz. Ct. App. 1966); *Butler v. Wong*, 573 P.2d 86 (Ariz. Ct. App. 1977); and *Montague v. Deagle*, 462 P.2d 403, 405 (Ariz. Ct. App. 1969).

The Arizona Court of Appeals most recently discussed the issue of expert medical testimony and causation in *Benkendorf v. Advanced Cardiac Specialists Chartered*, 269 P.3d 704 (Ariz. Ct. App. 2012). Though in the context of a medical negligence case, the *Benkendorf* Court set forth the general principles upon which the parties in this case both agree. Plaintiff bears the burden of proof on the issue of causation. *Benkendorf*, 269 P.3d at 706 (citing *Purcell v. Zimbelman*, 500 P.2d 335 (Ariz. Ct. App. 1972)). Unless an injury is obvious to the jury, expert medical testimony is required to establish the nature and extent of the injury as well as its relationship to the accident. *Benkendorf*, 269 P.3d at 706, citing *Barrett v. Harris*, 86 P.3d 954, 958 (Ariz. Ct. App. 2004); *Gregg v. Nat'l Med. Health Care Services, Inc.*, 699 P.2d 925, 928 (Ariz. Ct. App. 1985). Causation generally must be established through a medical expert's opinion which is stated to a reasonable degree of medical probability within the expert's field. *Benkendorf*, 269 P.3d at 706, citing *Kreisman v. Thomas*, 469 P.2d 107, 110 (Ariz. Ct. App. 1970). An expert's medical testimony based on "possible" causes for an injury is insufficient unless

- 5 -

additional evidence is presented sufficient to support a jury's finding that the accident caused the claimed injury. *Benkendorf,* 269 P.3d at 706 (citing *Coca-Cola Bottling Co. v. Fitzgerald*, 413 P.2d 869, 872 (Ariz. Ct. App. 1966)).

The parties agree on the law. The law is well established in this area. Defendants, however, disagree that either of Plaintiff's medical experts testified to the "possibility" of a causal connection between the accident and Plaintiff's injuries. Defendant further requests that the Court preclude Plaintiff from the late disclosure of Arthur H. Schurgin, D.O. Dr. Schurgin treated Plaintiff subsequent to her release from Dr. Smith's care. Dr. Schurgin "more likely than not" relates Plaintiff's constellation of symptoms and the care she received after July 15, 2011 to the accident that occurred on July 15, 2011. (Doc. 63-1 at 44).

The Court has carefully reviewed the testimony of Drs. Smith and Frank. Dr. Smith testified that he observed no evidence of an acute injury or mechanical injury to Plaintiff's xiphoid process. (Doc. 56-3 at 15-27; Doc. 56-4 at 1-2; Doc. 63-1 at 15-20). Instead, he suspected some element of costochondritis which he described as an inflammatory condition that can be a source of chronic pain. (*Id.*). He concluded, "I would be hard pressed to call it costochondritis if I saw evidence of trauma." (Doc. 56-3 at 20). Dr. Smith testified that he could not give an opinion to a reasonable degree of medical certainty that the July 2011 motor vehicle accident caused an injury to Plaintiff's xiphoid process. He also was unable to opine that the accident did not. Despite earnest questioning from Plaintiff's counsel, Dr. Smith articulated no causation opinion at all, and he never formed one. He did not suggest that the accident was a possible cause of Plaintiff's injury. Considering the testimony in a light most favorable to Plaintiff, the Court cannot infer from the doctor's deposition testimony that Dr. Smith had any opinion as to causation.

The Court also reviewed Dr. Frank's testimony. (Doc. 63-1 at 22-24; Doc. 56-4 at 4-10). Like Dr. Smith, Dr. Frank stated that he had reached no opinions to a reasonable degree of medical certainty as to whether the July 2011 accident caused any injury to

1   Plaintiff's xiphoid process or necessitated any of the care he provided to Plaintiff. He
2   specifically stated, "I have no opinion about the source of her pain." Counsel asked a
3   follow-up question: "Likewise is it fair to say you haven't ruled out the motor vehicle
4   accident as a source of her pain?" The doctor clearly stated that he had no opinion about
5   causation. (Doc. 63-1 at 23). Considering Dr. Frank's testimony in a light most
6   favorable to the Plaintiff, the Court cannot infer from the record presented that Dr. Frank
7   had any opinion as to causation in this case.

8   The law does not permit Plaintiff in this case to submit the issue of causation to
9   the jury based solely on Plaintiff's testimony and medical history. Some medical expert's
10  causation opinion is needed to proceed to the jury. Neither Dr. Frank nor Dr. Smith
11  provided even possible causal connection testimony. *Apache Powder Co. v. Bond*, 145
12  P.2d 988 (Ariz. 1944); *Ideal Food Products Co. v. Rupe*, 261 P.2d 991 (Ariz. 1953).

### Arthur H. Schurgin, D.O.

14  Defendants have moved to exclude Dr. Schurgin as a witness in this case because:
15  (1) Plaintiff did not disclose Dr. Schurgin and his opinions by the expert disclosure
16  deadline (April 30, 2014); (2) Plaintiff did not disclose Dr. Schurgin and his opinions
17  before the close of discovery (October 31, 2014); and (3) Plaintiff did not disclose Dr.
18  Schurgin and his opinions in Plaintiff's First through Fifth Rule 26(a) Disclosure
19  Statement Supplements. Plaintiff disclosed Dr. Schurgin and his opinions for the first
20  time on November 26, 2014 in Plaintiff's Sixth Rule 26(a) Disclosure Statement
21  Supplement. (Doc. 58-3 at 14-43). Dr. Schurgin saw Plaintiff after the close of
22  discovery on November 10, 2014 (Doc. 58-3 at 34-37). Dr. Schurgin saw Plaintiff again
23  on November 24, 2014, Defendants presume because of the filing of Defendants' Motion
24  for Summary Judgment. Dr. Schurgin examined Plaintiff, reviewed all of her medical
25  records provided to him by counsel, and provided an opinion as to medical causation
26  which is favorable to Plaintiff. (Doc. 58-3 at 38-41).

27  Plaintiff urges the Court to permit the late disclosure and addition of Dr. Schurgin
28  as a treating physician. Plaintiff argues that her pain continues, and Dr. Schurgin is now

1 treating her pain. Plaintiff states that she provided Dr. Schurgin's records and
2 supplemental disclosure to Defendants as soon as she saw Dr. Schurgin and her counsel
3 received his records. Plaintiff cites the Court to *Goodman v. Staples the Office*
4 *Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), for the proposition that treating physicians
5 are percipient witnesses, not subject to Rule 26(a)(2)(B), Fed. R. Civ. P., reporting
6 requirements. As a treating physician, however, the doctor would be limited to opinions
7 formed during the course of his treatment only.

8 The Court finds that Dr. Schurgin's medical causation opinion dated November
9 24, 2014 reaches beyond his own treatment of Plaintiff and is an impermissible, untimely
10 disclosed expert opinion on the issue of causation. Plaintiff provides no good cause for
11 the late disclosure of Dr. Schurgin as an expert. Dr. Schurgin arguably may have been a
12 newly disclosed treating physician on Plaintiff's November 10, 2014 initial appointment.
13 However, on November 24, 2014, Dr. Schurgin was provided with and reviewed
14 Plaintiff's entire medical treatment records as prepared by Plaintiff's counsel, including
15 the defense expert report. Dr. Schurgin's purpose on November 24, 2014 is clear. He
16 specifically gave medical testimony as to causation. *See Goodman*, 644 F.3d at 824-26.

17 Plaintiff has not listed any expert. Plaintiff chose instead to list her treating
18 physicians as witnesses. Plaintiff gives no good cause for the Court to permit an
19 untimely supplement to allow a medical expert. Further, Defendants based their case
20 decisions upon timely disclosed information regarding experts.

21 The Court further finds no good cause to reopen discovery to permit the addition
22 of newly sought treating physicians. It is not clear to the Court that Dr. Schurgin was a
23 treating physician. Supplementation is not harmless at this juncture of the case. In
24 addition, Plaintiff's pain is not a new symptom or condition. Litigation must, at some
25 point, draw to a close. The Court in its discretion affirms the deadlines set forth in its
26 Order of December 18, 2013. (Doc. 29).

### **Conclusion**

28 For the reasons set forth above, the Court finds that no genuine issue of material

fact exists as to the issue of causation regarding Plaintiff's injuries to her xiphoid process and resulting pain as treated by Michael Smith, M.D. and Gary Frank, M.D. Defendants are entitled to judgment as a matter of law on the issue of whether Plaintiff's xiphoid process injury, pain, and treatment provided by Drs. Frank and Smith are causally related to the motor vehicle accident of July 15, 2011.

**IT IS ORDERED** granting Defendants' Motion for Summary Judgment in part (Doc. 55). Neither party has presented argument or evidence regarding the remainder of Plaintiff's treating physicians for the additional physical complaints which are part of the record. Dismissal of the entire case on the issue of causation related to the lack of supporting opinions of Drs. Frank and Smith is not appropriate.

**IT IS FURTHER ORDERED** granting Defendants' Motion to Exclude Arthur H. Schurgin, D.O. (Doc. 58).

Dated this 24th day of March, 2015.

_____
Eileen S. Willett
United States Magistrate Judge